UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JACQUELINE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-00184-TWP-DML |
| ) | |
| GREEN VALLEY CARE CENTER, ) | |
| BILLIE FAYE MOSLEY, ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Filing Fee**

Plaintiff Jacqueline Johnson's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II. Proper Plaintiff**

This action was filed by Jacqueline Johnson on behalf of herself and four of her siblings. Ms. Johnson does not allege that she is an attorney, and a non-attorney may not represent others in district court. *See Georgakis v. Illinois State University,* 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear than an individual may appear in the federal courts only *pro se* or through counsel."); *Bronk v. Utschig,* No. 12-cv-832-WMC, 2012 WL 6586485 (W.D. Wis. Dec. 17, 2012) ("The right to litigate *pro se* is personal to each individual and does not grant authority to prosecute an action in federal court on behalf of others. In other words, a party can represent himself or be represented by an attorney, but cannot be represented

by a nonlawyer in federal court."); 28 U.S.C. § 1654. Accordingly, the other individuals identified as plaintiffs in this action shall not be recognized as such. The **clerk is directed** to **terminate** Penny Wright, Judy Broshears, Dale Wright and Douglas Wright as plaintiffs on the docket.

### III. The Complaint

Ms. Johnson alleges that her mother's rights under the "Federal Reform Act" were "seriously violated" by Billie Faye Mosley (Ms. Johnson's half-sister) and Green Valley Care Center. Ms. Mosely was appointed to serve as the mother's guardian by a state court and was involved in the mother's placement and care at Green Valley Care Center. Ms. Johnson alleges that her mother was abused at the care center and that her death was caused by mistreatment and improper drug prescriptions.

### IV. Jurisdiction

Subject to esoteric exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Here, there is no allegation of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.,* 351 F.3d 294, 298 (7th Cir. 2003)(explaining federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision). Ms. Johnson suggests that her mother's rights under the "Federal Reform Act" were violated, but the Court could not locate a law by this title. In any event, the question is whether Ms. Johnson's federal rights were violated, not whether her mother's rights were violated. Similarly, there is no allegation of diversity of citizenship. *See Denlinger v. Brennan,* 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(*quoting Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)). That is the case here. The complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction and this action is dismissed for lack of jurisdiction.

## V. Opportunity to Show Cause

Ms. Johnson's complaint must be dismissed for lack of jurisdiction. The plaintiff shall have **through November 9, 2016,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP

applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date:  10/28/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JACQUELINE JOHNSON
PO Box 542
Scottsburg, IN 47170